UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VINCENT D. ANGIOLILLO,

           Plaintiff,

-vs-                                        Case No.  2:08-cv-606-FtM-99SPC

COLLIER COUNTY; DON HUNTER Collier
County Sheriff; KEVIN RAMBOSK; TONY
SPINA Corporal; CHRISTINE BATES
Investigator; VITTO CELIBERTI Officer; JOHN
HURLEY Officer,

           Defendants.
_____

## REPORT AND RECOMMENDATION

      This matter comes before the Court on the Defendants Collier County, Sheriff Kevin Rambosk, in his official capacity, Sheriff Kevin Rambosk, Individually, Tony Spina, Christine Bates, Vito Celiberti, and John Hurley's Verified Motion to Tax Attorney's Fees (Doc. #136) filed on January 26, 2010.  No Response has been filed by the Plaintiff and the time to do so has expired.

## FACTS

      Although it is difficult to ascertain from the Plaintiff's original Complaint, the Plaintiff was arrested pursuant to a capias warrant issued in October of 2007 for an apparent violation of an injunction.  The injunction issued against the Plaintiff prevented the Plaintiff from contacting or from going to places frequented by an individual named Crystal.  The Plaintiff had a similar injunction against Crystal.  The Plaintiff claims that Crystal violated the injunction when she called his cell phone. The Plaintiff claims he did not answer the phone but his line was open and Crystal illegally recorded conversations over the open line.   The Plaintiff states he drove by a sports bar

frequented by Crystal which was witnessed by several individuals. However, the record reveals the Plaintiff actually went onto the sports bar's premises. The Plaintiff was prevented from approaching the sports bar under the terms of Crystal's injunction against him. A complaint was made to Collier County deputies regarding the Plaintiff's failure to abide by the injunction. The Deputies approached the State Attorney's Office regarding the violation and a capias warrant was later issued against the Plaintiff in October of 2007.

Also in the month of October of 2007, the Plaintiff announced that he was running for the office of Sheriff of Collier County. The Plaintiff was subsequently arrested on the capias warrant. He alleges that the Defendants arrested him in order to prevent his election. As a result of that arrest and surrounding circumstances, the Plaintiff brought the instant action.

The Plaintiff filed his initial Complaint (Doc. # 1) on July 29, 2008, against Collier County, the Collier County Sheriff's Department, Collier County Sheriff Don Hunter, Kevin Rambosk, Corporal Tony Spina, Investigator Christine Bates, Officer Vito Celiberti and Officer John Hurley. In his initial Complaint, the Plaintiff alleged the Defendants violated his Fourth, and Fourteenth Amendment rights and engaged in Malicious Prosecution, pursuant to 42 U.S.C. § 1983.

The Plaintiff filed an Amended Complaint (Doc. # 31) on October 29, 2008, in response to the Defendants' Motions to Dismiss. The Amended Complaint added several new counts but maintained the same factual basis. Specifically, the Plaintiff added a state law count for Malicious Prosecution, a due process claim under the Fourteenth Amendment, and a conspiracy charge alleging the parties conspired to violate his constitutional rights and falsely arrest and imprison him. Once again, the Defendants filed Motions to Dismiss.

On May 19, 2009, United States District Court Judge Gordan J. Quist issued an Opinion and Order (Doc. # 57, 58) which dismissed the Plaintiff's claims against Kevin Rambosk, Collier County, and Sheriff Don Hunter with prejudice, with the exception of the state law Malicious Prosecution claim against Sheriff Don Hunter, which was dismissed without prejudice. Counts III and V were dismissed against the remaining Defendants, however, Counts I, II, and IV still remained against the Defendants Bates, Celiberti, and Hurley.

The Plaintiff then moved for leave to amend which was granted upon reconsideration, and the Plaintiff was given up to July 31, 2009, to file his Second Amended Complaint. However, the Court cautioned the Plaintiff that he could not reinstate claims against the Defendants that had been dismissed with prejudice. The Plaintiff's Second Amended Complaint (Doc. #94) dropped some of the counts against the Defendants Bates, Celiberti and Hurley but maintained Counts I and II alleging a § 1983 violation of the Fourth Amendment, and a violation of the Fourteenth Amendment for Malicious Prosecution.

On January 11, 2010, the Parties appeared before the Honorable Paul A. Magnuson, United States District Court Judge for a hearing on the Defendants' pending Motion for Summary Judgment. After the hearing, Judge Magnuson issued two (2) Orders (Doc. # 133, 134) granting summary judgment in favor of the Defendants and dismissing the case with prejudice.

## **DISCUSSION**

The Defendants now move for attorney's fees and costs pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54(d), and M.D. Fla. Local Rule 4.18.

### *(1) Whether Attorney's Fees Should be Awarded Under 42 U.S.C. § 1988*

The Defendants seek attorney's fees pursuant to 42 U.S.C. § 1988. Section 1988(b) reads in pertinent part:

> [i]n any action or proceeding to enforce a provision of sections 1981, 1981(a), 1982, 1983,1985, and 1986 of this title IX of Public Law 92-318 [20 U.S.C. § 1681 *et seq.*], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. § 2000bb *et seq.*], the Religious Land Use and Institutional Persons Act of 2000 [42 U.S.C. § 2000cc *et seq.*], title VI of the Civil Rights Act of 1964 [42 U.S.C. § 2000d *et seq.*], or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

42 U.S.C. § 1988(b).

Under the American rule, United States Courts follow a general practice of not awarding fees to a prevailing party in a suit. Smalbein v. City of Daytona Beach, 353 F.3d 901, 904 (11th Cir. 2003). Nevertheless, where Congress has given explicit statutory authority under fee shifting statutes, the court may award attorney's fees to the prevailing party. Id. (citing Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health and Human Resources, 532 U.S. 598, 602, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001)). Under § 1988(b), Congress enumerated § 1983 as one of these fee shifting statutes and thus, the Defendant may seek fees under § 1988(b). Smalbein, 353 F.3d at 904.

"A prevailing defendant may recover its attorney's fees only where it establishes that the plaintiff's actions were frivolous, unreasonable, or without foundation, even though the action was not brought in subjective bad faith." Perry v. Orange County, 341 F. Supp 2d 1197, 1204 (M.D. Fla.

2004); MacKenzie v. City of Rockledge, 920 F. 2d 1554, 1560 (11th Cir. 1991) (holding that a district court may award attorney's fees to a prevailing defendant upon a finding that the plaintiff's lawsuit was frivolous or without foundation); Bennett v. Cramer, 495 F. Supp. 191, 192-193 (E.D. Wis. 1980) (holding that a prevailing defendant in a § 1983 action is not awarded attorney's fees under § 1988(b) unless the plaintiff's claim was frivolous, unreasonable, or groundless). In Sullivan v. School Board of Pinellas County, the Eleventh Circuit established a three prong test for the Court to use to determine whether or not to assess attorney's fees to a prevailing defendant. 773 F.2d 1182, 1189 (11th Cir. 1985). Under Sullivan, the district court must examine whether the plaintiff established a prima facie case, whether the defendant offered to settle, and whether or not the trial court dismissed the case prior to trial or held a full-blown trial on the merits. Quintana v. Jenne, 414 F.3d 1306, 1309 (11th Cir. 2005) (applying the standards from Sullivan, to a § 1988(b) motion for attorneys fees by a prevailing defendant); Turner v. Sungard Business Systems, Inc., 91 F.3d 1418, 1422 (11th Cir. 1998) (citing Sullivan, 773 F.2d at 1189).

*(a) Whether the Plaintiff Established a Prima Facie Case*

While the general guidelines established in Sullivan v. School Board of Pinellas County can be discerned from the case law, they are general guidelines only, not hard and fast rules. 773 F.2d at 1189. Determinations regarding frivolity are made on a case by case basis. Id. In order for a case to be frivolous, it must be so lacking in arguable merit as to be groundless or without foundation. Id. at 1188-1190. Typically a case is found to be frivolous when a plaintiff does not introduce any evidence in support of their claim. Ruszala v. Walt Disney Co., 132 F. Supp. 2d 1347, 1351 (M.D. Fla. 2000). To award attorney's fees to defendants in a suit brought under § 1983 of this title, the

plaintiff's actions must be meritless in the sense that it is groundless or without foundation. *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980).

In this case, many of the Plaintiff's claims did not survive the Defendant's various Motions to Dismiss. The Plaintiff was allowed to amend two (2) times and yet he presented the same basic set of facts as found in his previous Complaints. The remaining Defendants filed Motions for Summary Judgment, which Judge Magnuson granted in favor of the Defendants and dismissed the remaining claims on January 12, 2010. In his Order granting summary judgment for the Defendants, Judge Magnuson found that there was **no evidence** to support the Plaintiff's claims that the warrant for his arrest was not based upon probable cause. (Doc. # 133, p. 5) (emphasis added).

As to the Plaintiff's qualified immunity claim, Judge Magnuson held the deputies were entitled to qualified immunity and that the Plaintiff offered **no evidence** that any material information was omitted that would prove otherwise. Judge Magnuson concluded that the Plaintiff did not offer any objective evidence that countered the evidence on which the officers relied in their investigation. (Doc. # 133, p. 6-7) (emphasis added).

Regarding the Plaintiff's Malicious Prosecution charge, Judge Magnuson held the Plaintiff **failed to establish** any evidence to support his claim that no probable cause existed and that he did not even attempt to shoulder his burden to establish that genuine issues of fact remained on his claim. (emphasis added).

Based upon the District Court's findings that the Plaintiff presented no evidence to support his claims, this Court concludes the Plaintiff's case was frivolous. *See* *Perry*, 341 F. Supp 2d at 1205 (holding that "typical frivolity cases include those where summary judgment is decided in favor of the defendant or on a Fed. R. Civ. P. 41(b) motion for involuntary dismissal where the plaintiffs do

not introduce any evidence in support of their claims."). The District Court reiterated on each of the Plaintiff's claims that there was no evidence to support the Plaintiff's claims. Thus, the Court respectfully recommends the Plaintiff failed to provide sufficient evidence to established a prima facie case.

### (b) Whether the Defendant Offered to Settle

The Defendants did not make any offers to settle during mediation and the mediation ended in an impasse. Under the factors enunciated in Sullivan, the fact that the Defendant offered to settle, even if nominal, is a factor weighing in favor of the Plaintiff's claim. Sayers v. Stewart Sleep Center, Inc., 140 F.3d 1351, 1354 (11th Cir. 1998). Thus, the fact that the Defendants did not offer to settle this case weighs in their favor.

### (c) Whether or not the Trial Court Dismissed the Case Prior to Trial or Held a Full-Blown Trial on the Merits

Most of the Plaintiff's case was dismissed with prejudice upon filing of several Motions to Dismiss. The remainder of the Plaintiff's claims were dismissed with prejudice at the summary judgment stage.

After a review of the District Court's ruling on the Motion for Summary Judgment, and the Motions to Dismiss, the Court respectfully recommends the Motion for Attorney's Fees should be granted. It is clear from the record, the Plaintiff did not have any evidence to support his claims, he was allowed to amend on two (2) separate occasions, and yet failed to establish any basis to support his claims.

"Under Supreme Court precedent, a prevailing defendant may be awarded attorney's fees, at the discretion of the court, if the court finds that the plaintiff's lawsuit was frivolous, unreasonable, or without foundation." K.M. v. School Board of Lee County, Florida, 2006 WL 2506960 * 1 (M.D.

Fla. August 9, 2006); Jerelds v. City of Orlando, 194 F. Supp. 2d 1305, 1310-1311 (M.D. Fla.2002) (holding that municipal defendants which were granted summary judgment on a plaintiff's complaint seeking relief in multiple counts of discrimination in violation of 42 U.S.C. § 1983 were entitled to recover attorney's fees); Ruszala, 132 F. Supp. 2d at 1355 (holding that a sheriff who was granted summary judgment on a plaintiff's complaint seeking relief for false arrest and conspiracy to violate 42 U.S.C. § 1983 was entitled to recover attorney's fees under § 1988). Thus, based upon the criteria outlined in Sullivan, and its progeny, the Court respectfully recommends that attorney's fees be awarded under § 1988(b).

*(d) The Amount of the Award*

Historically, the federal courts have analyzed demands for attorneys' fees pursuant to Johnson v. Georgia Highway Express, 488 F.2d 714 (5th Cir.1974).Perry, 341 F. Supp 2d at 1207 The Johnson Court set forth twelve (12) factors to be considered in calculating a fee award.[1] The United States Court of Appeals for the Eleventh Circuit has consistently refined calculation of awards of attorney's fees to comport with decisions of the United States Supreme Court. Id.(citing Norman v. Housing Authority, 836 F.2d 1292, 1299 (11th Cir.1988). Norman adopted the lodestar approach for calculating attorney's fees. The lodestar approach presumptively incorporates the

---

[1] Those twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-719.

twelve factors adopted in Johnson. Perry, 341 F. Supp 2d at 1207 (citing Norman, 836 F.2d at 1298-1299). The Eleventh Circuit applies the lodestar approach of Norman in determining a reasonable attorney's fee. Perry, 341 F. Supp 2d at 1207 (citing Camden I Condominium Assoc., Inc. v. Dunkle, 946 F.2d 768, 772 (11th Cir.1991)). Simply stated, the lodestar is the product of the number of reasonable hours expended and the reasonable hourly rate. Perry, 341 F. Supp 2d at 1207 (citing Burlington v. Dague, 505 U.S. 557, 559-60, 112 S. Ct. 2638, 120 L.Ed.2d 449 (1992)(citing Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986)).

In this instance, the Defendants billed $59,550.00 in attorney's fees defending the case. The Defendants submitted detailed records of the number of hours billed, the fee, and the reason for the expended hours. The attorneys, Bruce W. Jolly, Richard A. Giuffreda, and Garrett S. Elsinger billed at a rate of $150.00 per hour. The attorneys, Adriana M. Jisa and Jason Scarberry, billed at a rate of $120.00 per hour. Attorney Alan C. Nash billed at a rate of $100.00 per hour. [2] The average rate charged in the Southwest Florida region is approximately $200.00 per hour and would be considerably higher for attorneys with the same experience as Bruce W. Jolly, Richard A. Giuffreda, and Garrett S. Elsinger. Thus, the billing rate is reasonable under the loadstar review.

The Defendants' Counsel also expended a reasonable number of hours given the nature of the case and the length of time it took to defend the action. After a review of the Defense Counsel's time sheets and the reasons for the hours billed, the Court respectfully recommends that the

---

[2] The $150.00 per hour rate was charged for attorneys with over eleven (11) years experience. The $120.00 per hour billing rate was charged for attorneys with more than four (4) years experience. The $100.00 per hour billing rate was charged for attorneys with less than four (4) years of experience. The billing rates were established by the Florida Sheriff's Self-Insurance Fund which is comprised of approximately fifty-seven (57) Sheriffs in the State of Florida.

$59,550.00 in Defendant's Attorney's fees is reasonable and should be awarded in full.

### *(2) Whether Costs Should be Awarded Under Fed. R, Civ. P. 54(d)*

Determining whether a party is entitled to an award of costs under Rule 54(d) is the same as determining whether a prevailing party is receiving fees under 42 U.S.C. § 2000e-5(k). Stewart v. Town of Zolfo Springs, 1998 WL 776848 *2 (M.D. Fla. September 16, 1998) (citing Henley v. Eckert, 461 U.S. 424, 433 n. 7, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)).  The recovery under Rule 54(d) is however, limited to the specific costs allowed under 28 U.S.C. § 1920. Id. These are known as recoverable statutory costs. Id.  Any expenses beyond recoverable statutory costs or the fees awarded to compensate for an attorney's time should be pursued under 42 U.S.C. § 2000e-5(k). Id. Such expenses are known as non-statutory and are subsumed within the concept of reasonable attorney's fees. Id. (citing Allen v. Freeman, 122 F.R.D. 589, 591 (S.D. Fla. 1988).

> Twenty eight U.S.C. § 1920 reads in pertinent part:
> [a] judge or clerk of any court of the Untied States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment decree.

On February 17, 2010, the Defendants filed their Bill of Costs (Doc. # 139).  In their Bill of Costs, the Defendants request $20.00 for fees for service of summons.  Service of summons fees are recoverable under § 1920(1).

The Defendant also request $2,357.95 for printed or electronically recorded transcripts necessarily obtained for use in this case. The Defendants substantiated their transcript costs with the name of the individual deposed and the purpose of copy. Thus, the amount should be allowed.

The Defendant requested $241.40 in witness fees for witnesses used at trial. Pursuant to the Statute, a witness shall be paid an attendance fee of $40.00 per day. <u>For Play Limited v. Bow to Stern Maintenance, Inc.</u>, 2006 WL 3662339 * 12 (S.D. Fla. November 6, 2006). Here, the Defendants request $63.65 each for William McCaughan Jr. Esq., Mara Marzano, Esq. Ruben Edward Thomas, and $57.05 for Judith Simon. All of the witnesses were called for trial. The amounts charged for the witnesses' time and the attendance fees exceed the $40.00 per day witness fee under the statute and therefore, the amount should be reduced to $160.00 or $40.00 per witness listed in the Bill of Costs.

The Defendants also request $219.40 in fees for exemplification and costs of making copies. However, charges of $21.50 and $87.30 for courtesy copies of motions for the Judge were included in the fees for copies. Only copy fees necessary for use in the case may be assessed. The courtesy copies are not copies necessary for use in this case and therefore, they should be disallowed. Thus, the copy fees should be reduced and awarded in the amount of $110.60. Accordingly, it is now

**RESPECTFULLY RECOMMENDED**:

The Defendants Collier County, Sheriff Kevin Rambosk, in his official capacity, Sheriff Kevin Rambosk, Individually, Tony Spina, Christine Bates, Vito Celiberti, and John Hurley's Verified Motion to Tax Attorney's Fees (Doc. #136) should be **GRANTED.**

(1) The Defendants Collier County, Sheriff Kevin Rambosk, in his official capacity, Sheriff Kevin Rambosk, Individually, Tony Spina, Christine Bates, Vito Celiberti, and John Hurley's

Verified Motion to Tax Attorney's Fees Pursuant to 42 U.S.C. § 1988(b) should be Awarded Attorney Fees in the Amount of **$59,550.00**.

(2) The Defendants Collier County, Sheriff Kevin Rambosk, in his official capacity, Sheriff Kevin Rambosk, Individually, Tony Spina, Christine Bates, Vito Celiberti, and John Hurley's Verified Motion to Tax Costs Pursuant to Fed. R. Civ. P. 54(d) should be awarded as follows:

Costs for Service of Summons ............................$20.00

Costs for Transcripts ......................................$2,357.95

Costs for Witness Fees......................................$160.00

Costs for Copies..................................................$110.60

**Total Costs Allowed**......................................**$2,648.55**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE AND ORDERED** at Fort Myers, Florida, this __24th__ day of February, 2010.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record