UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Vincent D. Angiolillo,                                      Case No. 2:08-cv-606

           Plaintiff,

v.                                                                **MEMORANDUM AND ORDER**

Christine Bates, Vito Celiberti,
and John Hurley,

           Defendants.

---

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Sheri Polster Chappell. In the R&R, Magistrate Judge Chappell recommends granting Defendants' Motion to Tax Attorneys Fees. Although Plaintiff did not file any opposition to the Motion itself, Plaintiff did file objections to the R&R. According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Based on that de novo review, the Court adopts the R&R.

As Magistrate Judge Chappell noted, 42 U.S.C. § 1988 provides that the Court may award costs and attorney's fees to a prevailing party in litigation under 42 U.S.C. § 1983. The Eleventh Circuit has instructed courts to evaluate three factors in determining whether an award of fees is warranted under § 1988: (1) whether the plaintiff established a prima facie case on his claims, (2) whether the defendant offered to settle, and (3) whether the trial

court dismissed the claims prior to trial. Sullivan v. Sch. Bd. of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985); see also R&R (Docket No. 141) at 5. Magistrate Judge Chappell reviewed the relevant factors and determined that an award of fees is appropriate in this case. Plaintiff raises two objections to this determination. Plaintiff spends the majority of his submission, however, taking issue with the R&R's recitation of the facts, most of which are irrelevant to the ultimate determination in this matter. Moreover, Plaintiff's submission is replete with hyperbole, use of exclamation points, and other unnecessary rhetorical devices that only serve to diminish, not support, his arguments. He would be better served by avoiding inflammatory language and punctuation and instead focusing his submission on the legal merits to be determined.

Plaintiff first objects to the Magistrate Judge's determination that Defendants did not offer to settle this litigation, contending that the Local Rules require that any information derived from a mediation may not be made known to the Court. M.D. Fla. L. R. 9.07(b). Rule 9.07(b) provides in full:

> All proceedings of the mediation conference, including statements made by any party, attorney, or other participant, are privileged in all respects. The proceedings may not be reported, recorded, placed into evidence, made known to the trial court or jury, or construed for any purpose as an admission against interest. A party is not bound by anything said or done at the conference, unless a settlement is reached.

Id. Plaintiff misconstrues the restrictions this Rule imposes. The Magistrate Judge did not use information from the mediation conference as an admission against Plaintiff's interest. Rather, she used that information in evaluating the three factors she was required to evaluate

2

in reviewing Defendants' Motion for fees. She did not err in doing so.

Moreover, even if the Magistrate Judge should not have considered any information from the parties' mediation, at best this would have resulted in a conclusion that the second factor did not weigh either in favor of or against the award of fees. Her evaluation of the remaining factors would remain, and these factors more than support her conclusion that an award of fees is appropriate.

Plaintiff's second objection is to the Magistrate Judge's finding that Plaintiff did not submit evidence to support his claim. Plaintiff contends that he submitted such evidence, but in fact, as this Court noted repeatedly in the Order granting Defendants' Motion for Summary Judgment, Plaintiff submitted no evidence to support his contentions and "did not even attempt to shoulder his burden to establish that genuine issues of fact remained on his claim." (Order of Jan. 12, 2010 (Docket No. 133) at 8.) Plaintiff may disagree with that determination, but the Magistrate Judge was correct in relying on this Court's summary judgment ruling in evaluating Plaintiff's prima facie case. As with his brief in opposition to the Motion for Summary Judgment, Plaintiff relies not on the record, but rather on counsel's hyperbole. Plaintiff has utterly failed to establish that the Magistrate Judge erred in determining that his claims were frivolous.

As the statute requires, this Court has reviewed the R&R de novo. 28 U.S.C. § 636(b)(1)(C). Based on that review, **IT IS HEREBY ORDERED** that:

1. The R&R (Docket No. 141) is **ADOPTED**;

3

2. Defendants' Motion to Tax Attorney's Fees (Docket No. 136) is **GRANTED**; and

3. Defendants are entitled to an award of attorney's fees and costs as fully set forth in the R&R.


Dated: March 11, 2010

        *s/Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge